# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **VALARIE REED,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL NO. 13-3426** |
| ) | |
| **COMMISSIONER OF** ) | |
| **SOCIAL SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is the Report and Recommendation of the Magistrate Judge (d/e 15) denying summary judgment in favor of the Plaintiff, Valarie Reed, and granting summary judgment in favor of the Defendant, the Commissioner of Social Security.  The Plaintiff did not file objections to the Report and Recommendation.

Because no objections were filed, the Court will review the Report and Recommendation for clear error.  See Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).  The Magistrate Judge's role was simply to determine whether the decision of the

Administrative Law Judge (ALJ) was supported by substantial evidence.  Substantial evidence refers to "such relevant evidence as a reasonable mind might accept as adequate" to support the ALJ's decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  If the ALJ's decision had such support, the Court must accept the ALJ's findings and cannot substitute its judgment for that of the ALJ.  Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir. 1986).  Furthermore, the Court cannot review the ALJ's credibility determinations unless they lack any explanation or support in the record.  Elder v. Astrue, 529 F.3d 408, 413-14 (7th Cir. 2008).

The Court finds that the Magistrate Judge did not commit clear error when he found that the ALJ's opinion was supported by substantial evidence.  The Court does acknowledge that the Plaintiff's testimony supported the Plaintiff's claim for disability benefits.  See R. 28-45.  However, the ALJ correctly found that the Plaintiff's testimony was not credible as it was inconsistent with the objective medical evidence in the record—particularly Dr. Dynda's physical examinations of the Plaintiff, in which Dr. Dynda noted that the Plaintiff was not in acute distress, had full range of motion,

and had full muscle strength.  See R. 17-18, 326, 356.  Because the ALJ's finding regarding the Plaintiff's credibility was supported by the record, that finding cannot be disturbed by this Court.  See Delgado, 782 F.2d at 82; Elder, 529 F.3d at 413-14.  Therefore, the Court ADOPTS the Report and Recommendation of the Magistrate Judge (d/e 15) upholding the ALJ's finding.  Accordingly, the Plaintiff's Motion for Summary Judgment (d/e 10) is DENIED, the Defendant's Motion for Summary Judgment (d/e 13) is GRANTED, and the Plaintiff's case is hereby DISMISSED.

The Court notes that while the Plaintiff's evidence showing a degeneration in the condition of her back was not relevant for her claim in this case, that evidence could be relevant to a new claim for social security benefits.  The Plaintiff can submit a new application for social security disability benefits and include her new evidence with that application.  The Court encourages the Plaintiff to submit the new application promptly.

The Clerk is directed to close this case.

ENTER: July 21, 2015.

s/ Sue E. Myerscough  
SUE E. MYERSCOUGH  
UNITED STATES DISTRICT JUDGE